HOLDAWAY, Judge,
with whom IVERS, Judge, joins, concurring:
I concur in the result in the present ease, and write separately simply to emphasize an important point not mentioned in the order issued by the Court.
While the order relies entirely on the Court’s previous decision in Felton v. Brown, 7 Vet.App. 276 (1994), which these judges believe to have been rightly decided, as the basis for denying the appellant’s EAJA application, there is another, more fundamental, ground that would serve as the proper basis to deny the appellant’s EAJA application even in the theoretical absence of Felton. In Pierce v. Underwood, 487 U.S. 552, 566 n. 2, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988), the U.S. *480 Supreme Court explained that “a position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.” Therefore, if the position taken by VA, although ultimately determined to be “incorrect,” is debatable — that is, if reasonable minds could differ — then VA’s position must be found to be substantially justified. Moreover, this Court has held that the government need not be “ ‘justified to a high degree,’ but rather ‘justified in substance or in the main’ — that is, justified to a degree that could satisfy a reasonable person.” Felton v. Brown, 7 Vet.App. 276, 280 (1994); see also Pierce, 487 U.S. at 565, 108 S.Ct. 2541; Stillwell v. Brown, 6 Vet.App. 291, 302 (1994). As reflected in the Court’s opinion on the merits in this case, there was a clear difference of opinion among members of the panel (each of whom, presumably, possesses a “reasonable mind”) as to the clarity of the statutory scheme and the validity of the regulation at issue. In fact, it is difficult to see how any reasonable person could deny the debatability of this issue. Given that reasonable minds differed as to this point, the EAJA application would have to be denied under Pierce, supra, even in the absence of Felton.